UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | |
|---|---|
| In re: ) | |
| ) | |
| INSPIRATION ) | Case No. 12-18687-WCH |
| BIOPHARMACEUTICALS, INC., ) | |
| ) | Chapter 11 |
| Debtor. ) | |
| ) | |

ORDER CONFIRMING FIRST AMENDED LIQUIDATING PLAN OF
REORGANIZATION OF INSPIRATION BIOPHARMACEUTICALS, INC.

Background

A.      On October 30, 2012 (the "Petition Date"), Inspiration

Biopharmaceuticals, Inc. (the "Debtor") filed a voluntary petition commencing this case

(the "Chapter 11 Case") under Chapter 11 of Title 11 of the United States Code (the

"Bankruptcy Code").

B.      On or about November 9, 2012, the Office of the United States Trustee

appointed the Official Committee of Unsecured Creditors (the "Committee").

C.      On October 23, 2013, the Debtor filed its First Amended Liquidating Plan

of Reorganization of Inspiration Biopharmaceuticals, Inc. (the "Plan") and its First

Amended Disclosure Statement with respect to the Plan (the "Disclosure Statement").[1]

D.      On or about October 24, 2013, the Court entered an order (the

"Solicitation Procedures Order") that, among other things:  (i) approved the Disclosure

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them
in the Plan or the Disclosure Statement.  Any term used in the Plan, the Disclosure Statement or
this Confirmation Order that is not defined in the Plan, the Disclosure Statement or this
Confirmation Order, but that is used in the Bankruptcy Code or the Federal Rules of Bankruptcy
Procedure, shall have the meaning ascribed to that term in the Bankruptcy Code or such rules.

Statement as containing adequate information within the meaning of 11 U.S.C. § 1125

and Federal Rules of Bankruptcy Procedure ("FRBP") 3017; (ii) fixed December 4, 2013

at 10:00 a.m. (prevailing Eastern time) as the date and time for the commencement of the

hearing to consider confirmation of the Plan (the "Confirmation Hearing"); and (iii)

established certain procedures for soliciting and tabulating votes with respect to the Plan.

E.      In accordance with the Solicitation Procedures Order and FRBP 3017(d),

the Debtor timely mailed solicitation packages including the Disclosure Statement (with

the Plan annexed), the Solicitation Procedures Order including notice of applicable

deadlines and the notice of the Confirmation Hearing and, where appropriate, a ballot

(the "Ballots") to all known creditors and parties-in-interest.

F.      The Debtor has filed a Report of Plan Voting, summarizing the results of

the ballots cast.

G.      Simultaneously herewith, the Debtor has submitted the Affidavit of

Michael Nowlan in Support of Confirmation (the "Confirmation Affidavit").

H.      No objections have been filed to confirmation of the Plan.

I.      The Court has reviewed and considered the Plan, the Confirmation

Affidavit, the Report of Plan Voting, and the evidence proffered or adduced and the

exhibits admitted into evidence at the Confirmation Hearing and the representations and

the arguments of counsel made at the Confirmation Hearing.

NOW, THEREFORE, based upon: (i) the Court's review of the Confirmation

Affidavit and the Report of Plan Voting; (ii) all of the evidence proffered or adduced at

the Confirmation Hearing; and (iii) the entire record of the Chapter 11 Case; and after

due deliberation thereon and good cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT

Findings of Fact and Conclusions of Law[2]

1.      Exclusive Jurisdiction, Venue and Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)).  This Court has jurisdiction over the Chapter 11 Case pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2.      Transmittal and Mailing of Solicitation Materials; Notice.  All due, adequate, and sufficient notices of the Disclosure Statement, the Plan, and the Confirmation Hearing, along with all deadlines for voting on, or filing objections to, the Plan, have been given to all known holders of Claims and/or Equity Interests in accordance with the FRBP and the procedures set out in the Solicitation Procedures Order.  The Disclosure Statement, the Plan, the ballots and the Solicitation Procedures Order were transmitted and served in substantial compliance with the FRBP and the Solicitation Procedures Order, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing was given in substantial compliance with the FRBP and the Solicitation Procedures Order, and no other or further notice is or shall be required.

3.      Solicitation.  The solicitation of votes for acceptance or rejection of the Plan complied with 11 U.S.C. §§ 1125 and 1126, FRBP 3017 and 3018, the Disclosure Statement, the Solicitation Procedures Order, and all other applicable provisions of the

---

[2]  The findings of fact and conclusions of law stated in this Confirmation Order and on the record at the Confirmation Hearing constitute the Court's findings of fact and conclusions of law pursuant to FRBP 7052, made applicable to the Chapter 11 Case by FRBP 9014.  To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion of law shall be determined to be a finding of fact, it shall be so deemed.

Bankruptcy Code and the FRBP. The Plan was transmitted to all holders of Claims

entitled to vote on the Plan, sufficient time was prescribed for such holders to accept or

reject the Plan, and the solicitation materials used and solicitation procedures followed

complied with 11 U.S.C. §§ 1125 and 1126, thereby satisfying the requirements of FRBP

3018. Based upon the record before the Court in the Chapter 11 Case, the Debtor, the

Committee and their respective present and former members, officers, directors,

managers, employees, advisors, attorneys, and agents have acted in good faith within the

meaning of, and with respect to all of the actions described in, 11 U.S.C. § 1125(e) and

therefore are entitled to all of the protections set forth in 11 U.S.C. § 1125(e).

4.      Burden of Proof. The Debtor has met its burden of proving the elements of

Sections 1129(a) and (b) of the Bankruptcy Code as more fully set forth below by a

preponderance of the evidence, which is the applicable evidentiary standard for

confirmation of the Plan.

5.      Plan Complies with Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan

complies with the applicable provisions of the Bankruptcy Code, thereby satisfying 11

U.S.C. § 1129(a)(1).

   i. Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). In addition
to Allowed Administrative Claims and Priority Tax Claims, which are not
classified under the Plan, the Plan designates four Classes of Claims (including two
subclasses within Class 4) and one Class of Equity Interests. The Claims or Equity
Interests placed in each Class are substantially similar to other Claims or Equity
Interests in each such Class. Valid business, factual, and legal reasons exist for
separately classifying the various Classes of Claims and Equity Interests created
under the Plan, and such classifications do not unfairly discriminate between
holders of Claims or Equity Interests. Thus, the Plan satisfies 11 U.S.C. §§ 1122,
1123(a)(1).

   ii. Specify Treatment of Unimpaired Classes (11 U.S.C. § 1123(a)(2)).
The Plan specifies that Class 1 is not impaired and, thus, 11 U.S.C. § 1123(a)(2) is
satisfied.

4

iii.    <u>Specify Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Classes 2, 3, 4, and 5 are designated as impaired under the Plan. Article V of the Plan specifies the treatment of impaired Claims and Equity Interests, thereby satisfying 11 U.S.C. § 1123(a)(3).

iv.    <u>No Discrimination (11 U.S.C. § 1123(a)(4))</u>. The Plan provides for the same treatment by the Debtor for each Claim and Equity Interest in each respective Class unless the holder of a particular Claim or Equity Interest has agreed to less favorable treatment with respect to such Claim or Equity Interest, thereby satisfying 11 U.S.C. § 1123(a)(4).

v.    <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>. The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying 11 U.S.C. § 1123(a)(5).

vi.    <u>Required Corporate Charter Provisions (11 U.S.C. § 1123(a)(6))</u>. The Plan does not provide for the issuance of non-voting securities, thereby satisfying 11 U.S.C. § 1123(a)(6).

vii.    <u>Selection of Officers, Directors, and Trustees (11 U.S.C. § 1123(a)(7))</u>. The Plan provides for the appointment of Michael Nowlan as Liquidating Trustee of the Liquidating Trust. Michael Nowlan shall continue to serve as Chief Restructuring Officer of the Debtor in order to implement the wind-down of the Debtor's affairs. The selection of such individual is consistent with the interests of holders of Claims and with public policy and, accordingly, satisfies the requirements of 11 U.S.C. §1123(a)(7).

viii.    <u>Additional Plan Provisions (11 U.S.C. § 1123(b))</u>. In accordance with 11 U.S.C. § 1123(b), the Plan does not include any provision inconsistent with the applicable provisions of the Bankruptcy Code. The provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

ix.    <u>Fed. R. Bankr. P. 3016(a)</u>. The Plan is dated and identifies the entity submitting it, thereby satisfying FRBP 3016(a).

6.    <u>The Debtor Has Complied with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying 11 U.S.C. § 1129(a)(2).

7.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3). The Debtor and its attorneys, agents, and financial

advisors have acted in good faith, as applicable, in connection with the formulation,

negotiation, proposal and implementation of the Plan and every contract, instrument,

document or other agreement related thereto.

8.     Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4)).

Any payment made or to be made by the Debtor for services or for costs and expenses in

or in connection with the Chapter 11 Case, including all fees and expenses incurred by

Professionals, or in connection with the Plan and incident to the Chapter 11 Case, has

been approved by, or is subject to the approval of, the Court as reasonable, thereby

satisfying 11 U.S.C. § 1129(a)(4).

9.     Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5)).  Under the Plan,

the Debtor's directors and officers are deemed to resign as of the Effective Date.  Michael

Nowlan shall continue to serve as Chief Restructuring Officer in order to implement the

wind-down of the Debtor's affairs.  Such appointment is consistent with the interests of

creditors and with public policy.  Therefore, the Debtor has complied with 11 U.S.C. §

1129(a)(5).

10.    No Rate Changes (11 U.S.C. § 1129(a)(6)).  Section 1129(a)(6) is satisfied

because the Plan does not provide for any change in rates over which a governmental

regulatory commission has jurisdiction.

11.    Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7)).  Each holder of a

Claim or Equity Interest in a Class that is impaired and that has not accepted the Plan will

receive or retain under the Plan, on account of such Claim or Equity Interest, property of

a value, as of the Effective Date, that is not less than the amount that it would receive if

the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

12.     Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  All Classes of

Claims have either:  (i) voted to accept the Plan; (ii) are deemed to have accepted the

Plan by not casting a ballot; or (iii) are deemed to have accepted the Plan because they

are unimpaired.  Equity Interests are impaired and are deemed to have rejected the Plan.

The Plan satisfies the requirements of 11 U.S.C. § 1129(b) as set forth herein.

13.     Treatment of Allowed Administrative Expense Claims and Priority Tax

Claims (11 U.S.C. § 1129(a)(9)).  The Plan satisfies the requirements of 11 U.S.C. §

1129(a)(9) because, except to the extent the holder of a particular Claim has agreed to a

different treatment of such Claim, the Plan provides that Allowed Administrative

Expense Claims (11 U.S.C. § 507(a)(2)), Allowed Priority Claims (11 U.S.C. §

507(a)(3)-(a)(7)), and Allowed Priority Tax Claims (11 U.S.C. § 507(a)(8)), shall be

treated in accordance with the provisions of 11 U.S.C. § 1129(a)(9).

14.     Acceptance by at Least One Impaired Class (11 U.S.C. § 1129(a)(10)).

Classes 2, 3, 4A, and 4B are impaired and have voted to accept the Plan or are deemed to

have accepted the Plan.  The acceptance of at least one impaired Class has been

determined without including the votes of any insiders, thus satisfying 11 U.S.C. §

1129(a)(10).

15.     Need for Further Reorganization (11 U.S.C. § 1129(a)(11)).  The Plan is

one of liquidation; accordingly, 11 U.S.C. § 1129(a)(11) is inapplicable.

16.     Payment of Fees (11 U.S.C. § 1129(a)(12)).  All fees due and payable

under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date,

and the payment of any such fees after the Effective Date will be the responsibility of the

Liquidating Trustee until the entry of a final decree closing the Chapter 11 Case pursuant

to Article 13.10 of the Plan, thereby satisfying 11 U.S.C. § 1129(a)(12).

17.    Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)).   The Debtor is

not obligated to pay retiree benefits and 11 U.S.C. § 1129(a)(13) is inapplicable.

18.    Domestic Support Obligations, Individuals and Certain Transfers (11

U.S.C. § 1129(a)(14)-(16)).  The Debtor is not required to pay any domestic support

obligations and, therefore, 11 U.S.C. § 1129(a)(14) is satisfied.  The Debtor is not an

individual and, accordingly, 11 U.S.C. § 1129(a)(15) is inapplicable.  The Debtor is a

moneyed, business or commercial corporation and, accordingly, 11 U.S.C. § 1129(a)(16)

is inapplicable.

19.    Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)).   The

only impaired nonaccepting Class is Class 5 Equity Interests.   All of the requirements of

Section 1129(a) of the Bankruptcy Code, other than Section 1129(a)(8) with respect to

such Class, have been met, and with respect to Class 5 holders of Equity Interests, no

holders of any interest junior to the Equity Interests will receive or retain under the Plan

any property on account of such junior interest.  Accordingly, the Plan is fair and

equitable and does not discriminate unfairly, as required by 11 U.S.C. § 1129(b), and

may be confirmed notwithstanding the deemed rejection of the Plan by Class 5.

20.    No Other Plan (11 U.S.C. § 1129(c)).  No other plan has been filed in

connection with the Chapter 11 Case.

21.    Principal Purpose of Plan (11 U.S.C. § 1129(d)).  The principal purpose of

the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of

the Securities Act of 1933, and no governmental unit has objected to confirmation of the

Plan on any such grounds.  Therefore, the Plan satisfies the requirements of 11 U.S.C. §
1129(d).

22.     No Objection to Deemed Rejection of Contracts and Leases.  No party to
an executory contract or unexpired lease to be rejected by the Debtor pursuant to the Plan
has objected to such rejection.

23.     Releases.  The releases described in Article X of the Plan constitute good
faith compromises and settlements of the matters covered thereby and are otherwise
approved by the Court as appropriate pursuant to applicable law.  Each of the release,
injunction and exculpation provisions set forth in the Plan is (i) in the best interests of the
Debtor's Estate, creditors and other parties in interest, (ii) fair, equitable and reasonable,
and (iii) an integral element of the restructuring and resolution of the Chapter 11 Case in
accordance with the Plan.

24.     Plan Conditions to Confirmation.  The conditions to Confirmation set forth
in Section 11.1 of the Plan have been satisfied or waived in accordance with the terms of
the Plan.

25.     Plan Conditions to Consummation.  Each of the conditions to the Effective
Date, as set forth in Section 11.2 of the Plan, is reasonably likely to be satisfied or waived
in accordance with the terms of the Plan.

## DECREES

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED THAT:

26.     Confirmation.  The Plan, as the same may be modified by the record of the
Confirmation Hearing and this Confirmation Order, is hereby approved and confirmed

pursuant to 11 U.S.C. § 1129. If there is any direct conflict between the terms of the Plan

and the terms of this Confirmation Order, the terms of this Confirmation Order shall

control. Unless otherwise provided herein, the terms of the Plan and the exhibits thereto,

as the same may be modified hereby, are incorporated by reference into, and are an

integral part of, this Confirmation Order.

27.    Objections. There have been no timely filed objections to confirmation of

the Plan. All responses to, and statements and comments regarding, the Plan, to the

extent not already resolved or withdrawn pursuant to representations made on the record

at the Confirmation Hearing, shall be, and hereby are, overruled.

28.    Implementation/Consummation of Plan Documents. The Debtor, the

Liquidating Trustee, and their respective affiliates, subsidiaries, directors, officers,

managers, agents and attorneys are hereby authorized, empowered and directed to issue,

execute, deliver, file or record any document, and to take all other actions necessary or

appropriate, in their sole discretion, to enter into, implement, effectuate and consummate

the contracts, instruments, releases, indentures, and other agreements or documents

created in connection with the Plan, including but not limited to the Liquidating Trust

Agreement, and any such document will be legal, valid and binding in accordance with

its terms.

29.    Liquidating Trust. On the Effective Date, the Liquidating Trust shall be

established and all of the Assets shall vest in the Liquidating Trust, free and clear of all

Claims, Liens, and encumbrances, but subject to payment of the Liens and Claims as

provided under the Plan. Upon the Effective Date, Michael Nowlan will be appointed as

the Liquidating Trustee, and will have those rights, powers, and responsibilities as set

forth in the Plan and the Liquidating Trust Agreement. As soon as practicable following

the Effective Date, the Oversight Committee shall be established as provided for in the

Liquidating Trust Agreement.

30.     Sellers Representative Agreement. Upon the Effective Date, the

Liquidating Trustee shall enter into the Sellers Representative Agreement, in form and

substance similar to that attached as Exhibit "B" to the Plan. The Sellers Representative

Agreement is hereby authorized and approved in all respects. Confirmation of the Plan

constitutes a conclusive and final determination of the identity of the Waterfall

Participants and the percentage amount of the Waterfall Participants Sale Proceeds that

each such Waterfall Participant is entitled to receive from the Sellers Representative, as

further set forth on Exhibit "C" to the Plan. The Sellers Representative shall be that

Person designated by Ipsen, the Debtor, and the Significant Distribution Recipients (as

defined in the Sellers Representative Agreement) in accordance with the terms of the

Sellers Representative Agreement or, in the absence of such designation within sixty (60)

days after the Effective Date, as appointed by the Court. With the exception of the Sellers

Representative Agreement, nothing in the Plan or Confirmation Order shall preclude a

successor or assign from asserting any right it would otherwise have as the successor or

assign of a Waterfall Participant. Nothing in this Order shall alter, impair, restrict, or

limit the prohibition on the transfer of beneficial interests in the Liquidating Trust as set

forth in section 2.3 of the Liquidating Trust Agreement.

31.     Professional Fee Claims. All holders of Professional Fee Claims must file

a final application for payment of any Professional Fee Claims (a "Final Fee

Application") with the Court no later than thirty (30) days after the Effective Date. Any

11

award granted by the Court shall be paid by the Liquidating Trustee from the Assets upon

the date such Professional Fee Claim is Allowed, or as soon thereafter as is practicable,

or upon such other terms as may be mutually agreed upon between such holder of an

Allowed Professional Fee Claim and the Liquidating Trustee. The Professionals

employed by the Debtor or the Committee shall be entitled to reasonable compensation

and reimbursement of actual and necessary expenses post-Effective Date for the fees and

expenses incurred in the preparation, filing and prosecution of Final Fee Applications.

32.    Rejection Damages Claims. If the rejection of any of the Debtor's pre-

petition executory contracts or unexpired leases pursuant to the Plan gives rise to a

Claim, a *Proof of Claim* must be filed with the Court and served upon the Liquidating

Trustee's counsel no later than thirty (30) days after the Confirmation Date (the

"Rejection Claims Bar Date"). Any such claim not filed and served within such time

period shall be forever barred and shall not be enforceable against the Estate, the

Liquidating Trust and their respective properties, agents, successors, or assigns.

33.    Exemption from Transfer Taxes. In accordance with Section 1146(c) of

the Bankruptcy Code: (a) the issuance, transfer or exchange of any security under the

Plan or the making or delivery of any instrument of transfer pursuant to, in

implementation of, or as contemplated by the Plan, including any merger agreements or

agreements of consolidation, deeds, bills of sale or assignments executed in connection

with any of the transactions contemplated under the Plan, or the re-vesting, transfer or

sale of any real or personal property of the Debtor pursuant to, in implementation of, or

as contemplated by the Plan including the vesting of the Assets in the Liquidating Trust,

(b) the making, delivery, creation, assignment, amendment or recording of any note or

12

other obligation for the payment of money or any mortgage, deed of trust or other

security interest under, in furtherance of, or in connection with the Plan, and the issuance,

renewal, modification or securing of indebtedness by such means, and (c) the making,

delivery or recording of any deed or other instrument of transfer under, in furtherance of,

or in connection with, the Plan, shall not be subject to any document recording tax, stamp

tax, conveyance fee or other similar tax, sales tax, mortgage tax, real estate transfer tax,

mortgage recording tax or other similar tax or governmental assessment.  Each recorder

of deeds or similar official for any county, city or governmental unit in which any

instrument under the Plan is to be recorded shall, pursuant to this Confirmation Order, be

ordered and directed to accept such instrument, without requiring the payment of any

such tax or governmental assessment.

34.     Claims.  Final allowance of a Claim pursuant to the provisions of the Plan

or an order of this Court shall not prejudice the rights of the Debtor, the Estate or the

Liquidating Trustee to investigate or prosecute Causes of Action, or to otherwise seek

reconsideration of a Claim under 11 U.S.C. § 502(j).

35.     Cancellation of Existing Securities and Agreements; Release of Liens.

Except as may otherwise be provided in the Plan, on the Effective Date: (a) all credit

agreements, promissory notes, mortgages, security agreements, invoices, contracts,

agreements and any other documents or instruments evidencing Claims against the

Debtor, together with any and all Liens securing same, shall be canceled, discharged and

released without further act or action by any Person under any applicable agreement, law,

regulation, order or rule, (b) the obligations of the Debtor thereunder shall be deemed

cancelled and released, and (c) all of the right, title and interest of any holder of such

13

mortgages, deeds of trust, Liens or other security interests, including any rights to any

collateral thereunder, will revert to the Liquidating Trust. To the extent deemed

necessary or advisable by the Liquidating Trustee, any holder of a Claim shall promptly

provide the Liquidating Trustee with an appropriate instrument of cancellation, discharge

or release, as the case may be, in suitable form for recording wherever necessary to

evidence such cancellation, discharge or release, including the cancellation, discharge or

release of any Lien securing such Claim.

36.    Prosecution of Causes of Action by the Liquidating Trustee. The

Liquidating Trustee, as the legal representative of the Liquidating Trust, shall be

authorized without further order of the Court to investigate, prosecute and liquidate all

Causes of Action. The Liquidating Trustee shall have the exclusive right and standing in

any court of competent jurisdiction to assert and enforce against any Person any and all

Causes of Action, rights, claims, cross-claims, counterclaims, third-party claims,

objections and defenses of the Debtor and the Estate (including but not limited to the

rights and powers of a trustee and debtor-in-possession), in each case that arose before or

after the Petition Date.

37.    Provisions of Confirmation Order Non-Severable and Mutually Dependent.

The provisions of this Confirmation Order are non-severable and mutually dependent.

38.    Retention of Jurisdiction. From and after the occurrence of the Effective

Date, this Court shall have jurisdiction over the Chapter 11 Case as set forth in Article

XII of the Plan, and for the purposes of the Plan and such other purposes as may be

necessary and useful to aid in the confirmation, consummation and implementation of the

Plan, to the extent that this Court may legally retain jurisdiction of such matters. All

14

injunctions or stays provided for under 11 U.S.C. §§ 105 and 362, or otherwise, and in

existence on the Confirmation Date, shall remain in full force and effect until the

Effective Date.

39.     Binding Effect of Prior Orders, Etc.  Pursuant to 11 U.S.C. § 1141, all prior

orders entered in the Chapter 11 Case, and all documents and agreements executed by the

Debtor during the pendency of the Chapter 11 Case that were authorized by the Court or

permitted under the Bankruptcy Code, shall be, and hereby are, binding upon and shall

inure to the benefit of the Debtor and its respective successors and assigns, including the

Liquidating Trustee.

40.     Binding Effect of Plan.  In accordance with 11 U.S.C. § 1141(a), the Plan

(including the exhibits and schedules thereto, and all documents and agreements created

pursuant to, the Plan) and all of its provisions shall be, and hereby are, binding upon the

Debtor, any Person acquiring or receiving property or a distribution under the Plan, any

lessor or lessee of property to or from the Debtor, any party to a contract with the Debtor,

any person who granted or is a beneficiary of the exculpations contained in or provided

for under the Plan, any creditor or equity security holder of the Debtor, including all

governmental entities, whether or not the Claim or Equity Interest of such creditor or

equity security holder is impaired under the Plan and whether or not such creditor, equity

security holder or entity has accepted the Plan, any and all non-debtor parties to

executory contracts and unexpired leases with the Debtor, any and all Persons that are

parties to or are subject to the injunctions described herein or in the Plan, any other party

in interest, and the respective heirs, executors, administrators, successors or assigns, if

any, of all of the foregoing.

15

41.    <u>Exculpation and Limitation of Liability; Permanent Injunction</u>. The exculpation, release and permanent injunction provisions set forth in Article X of the Plan are incorporated in this Confirmation Order as if set forth in full herein and are hereby approved and shall be, and hereby are, effective and binding, subject to the respective terms thereof, on all persons and entities who may have had standing to assert such Claims or Causes of Action, and no person or entity shall possess such standing to assert such Claims or Causes of Action after the Effective Date..

42.    <u>Third Party Release.</u> Except as otherwise set forth in the Plan, as of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of a Claim that voted in favor of the Plan will be deemed to have forever released and waived all claims (including any derivative claims), obligations, suits, judgments, damages, demands, rights, causes of action and liabilities, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising in law, equity or otherwise, that are based in whole or in part on any act, omission, transaction, event or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtor, the Estate, the Bankruptcy Case or the Plan that such entity has, had or may have against the Released Parties.

43.    <u>The Committee</u>. Effective on the Effective Date, the duties of the Committee shall terminate and the Committee shall dissolve, except with respect to any appeal of an order entered in the Chapter 11 Case and applications for Professional Fee Claims.

44.    Filing and Recording. This Confirmation Order is and shall be binding

upon and shall govern the acts of all entities, including, without limitation, all filing

agents, filing officers, title agents, title companies, recorders of mortgages, recorders of

deeds, registrars of deeds, administrative agencies, governmental departments, secretaries

of state, federal, state, and local officials, and all other persons and entities, who may be

required, by operation of law, the duties of their office, or contract, to accept, file,

register, or otherwise record or release any documents or instruments. Each and every

federal, state and local governmental agency is hereby directed to accept any and all

documents and instruments necessary, useful, or appropriate (including, without

limitation, Uniform Commercial Code financing statements and mortgages) to effectuate,

implement and consummate the transactions contemplated by the Plan and this

Confirmation Order.

45.    Effect of Reference to the Plan in this Confirmation Order. The failure to

reference or discuss any particular provision of the Plan in this Confirmation Order shall

have no effect on the validity, binding effect and enforceability of such provision, and

each provision of the Plan shall have the same validity, binding effect and enforceability

as if fully set forth in this Confirmation Order.

46.    Headings. Headings utilized in this Confirmation Order are for

convenience of reference only, and shall not constitute a part of the Plan or this

Confirmation Order for any other purpose.

47.    Notice of Entry of Confirmation Order. On or before the tenth (10th) day

following the entry of this Confirmation Order, the Debtor or the Liquidating Trustee

shall serve notice of entry thereof (the "Confirmation Notice") pursuant to FRBP

17

2002(f)(7), 2002(k), and 3020(c) on the United States Trustee and all record holders of

Claims or Equity Interests as of the Confirmation Date, by causing the Confirmation

Notice to be delivered to such parties by first-class mail, postage prepaid. The notice

shall inform parties of entry of the Confirmation Order and the Rejection Claims Bar

Date. No other or further notice shall be required.

48. Non-Occurrence of Effective Date. In the event that the Effective Date

does not occur, then: (i) the Plan; (ii) the assumption or rejection of executory contracts

or unexpired leases pursuant to the Plan; (iii) any document or agreement executed

pursuant to the Plan; (iv) any actions or injunctions authorized by this Confirmation

Order or any order in aid of the consummation of the Plan; and (v) this Confirmation

Order shall be deemed null and void *ab initio*. In such event, nothing contained in this

Confirmation Order, any order in aid of consummation of the Plan, or the Plan, and no

acts taken in preparation for consummation of the Plan, (a) shall be deemed to constitute

a waiver or release of any Claims or interest by or against the Debtor or any other persons

or entities, to prejudice in any manner the rights of the Debtor or any Person in any

further proceedings involving the Debtor or otherwise, or to constitute an admission of

any sort by the Debtor or any other Persons as to any issue, or (b) shall be construed as a

finding of fact or conclusion of law in respect thereof.

49. Consummation of Plan. Notwithstanding the provisions of FRBP 3020(e),

this Confirmation Order may take effect immediately upon its entry, and the Debtor is

authorized, but not directed, to consummate the Plan immediately after entry of this

Confirmation Order and the satisfaction or waiver of all other conditions to the Effective

19

Date of the Plan, in accordance with the terms of the Plan.


Dated: December 4, 2013

Honorable William C. Hillman
United States Bankruptcy Judge

660118